2008 UT App 338

**Cathy CHILD, Petitioner, Appellant, and Cross-appellee,**

v.

**David N. CHILD, Respondent, Appellee, and Cross-appellant.**

**No. 20060998–CA.**

Court of Appeals of Utah.

Sept. 18, 2008.

Rehearing Denied Oct. 22, 2008.

---

Rodney R. Parker, Salt Lake City, for Appellant.

Joane Pappas White, Price, for Appellee.

Before THORNE, Associate P.J., BILLINGS, and DAVIS, JJ.

## MEMORANDUM DECISION

DAVIS, Judge:

¶ 1 Petitioner Cathy Child (Wife) appeals several aspects of the district court's final order in bifurcated divorce proceedings, including issues of property division, alimony, and attorney fees. Respondent David N. Child (Husband) also appeals the ruling as it relates to the property division. We affirm in part, reverse in part, and remand.

### I. Factual Findings

¶ 2 Wife first contests several of the trial court's findings, including the findings that the parties had not purchased Husband's father's 75% interest in the family rental business, that the business was worth an amount significantly less than Wife's expert witness had calculated, that the 32′ Bayliner boat did not belong to the parties, and that the Cor-

vette was Husband's separate property. In order to successfully contest any factual finding, Wife must first marshal the evidence in support of that finding. *See* Utah R. App. P. 24(a)(9).

> The process of marshaling is ... fundamentally different from that of presenting the evidence at trial. The challenging party must temporarily remove its own prejudices and fully embrace the adversary's position; [the challenging party] must play the devil's advocate. In so doing, appellants must present the evidence in a light most favorable to the trial court and not attempt to construe the evidence in a light favorable to their case.

*Chen v. Stewart*, 2004 UT 82, ¶ 78, 100 P.3d 1177 (citations and internal quotation marks omitted).

▇▇▇▇ ¶ 3 With respect to the finding that the parties had not purchased Husband's father's 75% share in the business, Wife does not fulfill the strict marshaling requirement. Most of her argument simply sets forth all the evidence that she argues supports her contention that the parties had purchased Husband's father's share. Only then does she acknowledge her duty to marshal and proceed to set forth some evidence supporting the finding. But the evidence that Wife does set forth is incomplete and is often followed by her highlighting the deficiencies and discrepancies that she believes make the evidence less than persuasive. Practically her entire argument is used in an "attempt to construe the evidence in a light favorable to

[her] case," and she wholly fails to "remove [her] own prejudices and fully embrace the adversary's position." *See id.* (internal quotation marks omitted). Further, she urges us to consider Husband's evidence "in light of its failure to match up to the documents and accounting records, its failure to make any economic sense, and its failure to find support in any records." But we must view the marshaled evidence differently, disturbing the court's finding only when "even if viewed in the light most favorable to the trial court, the evidence is legally insufficient to support the findings." *Doelle v. Bradley*, 784 P.2d 1176, 1178 (Utah 1989); *see also Reid v. Mutual of Omaha Ins. Co.*, 776 P.2d 896, 899 (Utah 1989) ("To mount a successful challenge to the correctness of a trial court's findings of fact, an appellant must first marshal all the evidence supporting the finding and then demonstrate that the evidence is legally insufficient to support the findings even in viewing it in the light most favorable to the court below."). Thus, we assume that the evidence supports the trial court's finding with regard to the ownership of the rental business, *see Chen*, 2004 UT 82, ¶ 80, 100 P.3d 1177, and we affirm on this issue.[1]

▇▇▇ ¶ 4 Regarding the valuation of the business, Wife argues that there was no support for the amount that the trial court found, which was lower than the amount assessed by Wife's expert, notwithstanding the court's concern that the business's value must reflect the cost to sell the business (including tax consequences and transporta-

---

1. Further, even if we were to exercise our discretion and reach the merits of this issue, *see Martinez v. Media–Paymaster Plus*, 2007 UT 42, ¶ 20, 164 P.3d 384, we cannot see that we would reverse the finding. The evidence that Wife does acknowledge in her brief, such as the corporate tax returns and the testimony of several witnesses that Husband's father owned 75% of the rental business, amply supports the finding. Wife essentially argues that the tax returns are "of no importance" according to her expert witness and that the other testimony in Husband's favor should be outweighed by the documents she presented that could support an opposite inference. But it is the role of the fact finder to assess the credibility of witnesses and to weigh the evidence. *See* Utah R. Civ. P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the

opportunity of the trial court to judge the credibility of the witnesses."); *State v. Hodges*, 798 P.2d 270, 274 (Utah Ct.App.1990) ("In a bench trial or other proceeding in which the judge serves as fact finder, the court has considerable discretion to assign relative weight to the evidence before it. This discretion includes the right to minimize or even disregard certain evidence."). Thus, we defer to the trial court's assessment on this matter. *See 438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 75, 99 P.3d 801 ("When reviewing a district court's findings of fact on appeal, we do not undertake an independent assessment of the evidence presented during the course of trial and reach our own separate findings with respect to that evidence. Rather, we endeavor only to evaluate whether the court's findings are so lacking in support that they are against the clear weight of the evidence.").

tion of equipment). But the trial court itself referenced various exhibits to support its finding, which exhibits Wife does not address. Thus, Wife also failed to adequately marshal the evidence on this issue, and we affirm the valuation finding.[2]

¶ 5 As to the finding regarding the 32′ Bayliner boat, Wife makes no effort to marshal the evidence. Her three-paragraph argument is confined to setting forth the evidence supporting her position, again emphasizing her argument that Husband's credibility is lacking. Thus, we assume the finding regarding the boat is supported by the facts and affirm on this issue as well.

¶ 6 Regarding the Corvette, Wife argues that there is no evidence to be marshaled supporting the fact that the Corvette was Husband's separate property. As part of his cross-appeal, Husband also contests the finding, agreeing with Wife that the car was marital property and arguing that it was error for the trial court to require him to pay back the parties' joint account for payments made on the car. The parties acknowledge that Husband testified on cross-examination that the car was "to be [his] birthday present" and that the car was titled in his name. However, Husband also testified at that time that he considered the car to be a marital asset; and neither of the parties ever argued otherwise below. Thus, we reverse the finding regarding the car's status as separate property, as well as the requirement that Husband reimburse the joint account for payments made on the car. We remand this issue to the trial court to make the necessary determinations regarding how to best dispose of this piece of marital property.

## II.  Alimony

¶ 7 Wife next contests the alimony determination. She argues that the alimony awarded was less than her need and less than Husband's ability to pay. However, the trial court did not agree with Wife's assessment of her need, determining her proposed monthly need of $7217 to be excessive. We

think this a likely conclusion, considering that Husband, who was accustomed to the same standard of living as Wife, set his own monthly need at $3945—about one-half of Wife's figure. But even if we assume that Wife's projected need was not excessive, we see no error with the trial court's alimony award. In coming to her conclusion that the alimony award was less than Husband's ability to pay, Wife neglected to figure in the amount that the trial court used "to account for Social Security taxes, State and Federal with[ ]holding taxes and a generous return on investment." When this figure is included, Husband is left with $5150 to meet his alleged needs of $3945. The trial court awarded Wife half of the $5150, which would give Husband $2575 to meet his alleged needs of $3945 and would give Wife (when combined with child support and income) a total of $5214 to meet her alleged needs of $7217. There was not enough income to meet the needs of both parties, and we see no error in the trial court's attempt to equalize the parties' standards of living. *See generally Gardner v. Gardner,* 748 P.2d 1076, 1081 (Utah 1988) ("An alimony award should, ... to the extent possible, equalize the parties' respective standards of living and maintain them at a level as close as possible to that standard of living enjoyed during the marriage.").

## III.  Attorney Fees

¶ 8 Finally, Wife claims that the trial court erroneously denied her request for attorney fees and expert witness fees. In a divorce proceeding, the trial court may, at its discretion, award such fees to enable the requesting party to participate in the action. *See* Utah Code Ann. § 30–3–3(1) (2007); *see also Crouse v. Crouse,* 817 P.2d 836, 840 (Utah Ct.App.1991) ("[Utah Code section 30–3–3] grants trial courts the power to award attorney fees in divorce cases, which award must be based on evidence of the reasonableness of the requested fees, as well as the financial need of the receiving spouse, and the ability of the other spouse to pay. Both the decision to award attorney fees and the

2.  Further, the trial court, although finding that Husband's valuations of the business's assets were reasonable, determined that any errors

therein would be mitigated by the court's assignment of a high earning ability to Husband.

amount of such fees are within the sound discretion of the trial court." (citation omitted)). Here, the trial court determined that Wife was not in need of such assistance, relying upon an earlier order which provided each party with "$18–20,000 ... from which to retain attorneys and pay costs" and upon each party receiving "a substantial property distribution free and clear of debt." Thus, the court determined that "each party had cash and assets to allow for legal representation." Wife does not marshal the evidence in support of this finding. The majority of Wife's argument on this issue focuses on her contention that Husband made it difficult to obtain necessary information and that because of this difficulty, the large attorney fees she incurred were reasonable. But under the statute, Wife is not entitled to attorney fees—even reasonable ones—without demonstrating a financial need. Because she did not establish such a need, the trial court's denial of her request was not an abuse of discretion.[3]

## IV. Business Ownership as Marital Property

¶ 9 Aside from his argument regarding the Corvette, the only issue Husband asserts as part of his cross-appeal is that the court erroneously treated the increased value of his ownership in the rental business as marital property. He contests such treatment of his ownership interest as inconsistent with the trial court's finding that "at the time of marriage, [Husband] owned a 25 percent interest in [the rental] business."

¶ 10 "The general rule is that equity requires that each party retain the separate property he or she brought into the marriage, including any appreciation of the separate property." *Dunn v. Dunn*, 802 P.2d 1314, 1320 (Utah Ct.App.1990). Such separate property can, however, become part of the marital estate if

> (1) the other spouse has by his or her efforts or expense contributed to the enhancement, maintenance, or protection of that property, thereby acquiring an equitable interest in it, or (2) the property has been consumed or its identity lost through commingling or exchanges or where the acquiring spouse has made a gift of an interest therein to the other spouse.

*Mortensen v. Mortensen*, 760 P.2d 304, 308 (Utah 1988) (citation omitted).[4] We see no findings by the trial court that would indicate that it found either of these exceptions. Without any such findings, there is no support for the trial court's conclusion that the appreciation of Husband's share of the business is marital property, to be divided equally.[5] We therefore reverse on this issue and

---

**3.** We are also unpersuaded by Wife's argument that the situation here is analogous to that of the wife in *Morgan v. Morgan*, 854 P.2d 559 (Utah Ct.App.1993). In *Morgan*, the trial court awarded attorney fees to the wife because the income she would receive from the apartments awarded to her was uncertain, she had no other source of income, the apartments needed continuing maintenance, and her husband had received a larger portion of the marital estate than she had. *See id.* at 568. In contrast, the trial court here found, and Wife does not directly attack the finding, that "each party had cash and assets to allow for legal representation." There is no suggestion that Husband received a larger portion of the marital estate. In addition, Wife received a "substantial property distribution free and clear of debt."

Wife further relies on *Morgan* to support her assertion that Husband should pay her fees because he complicated the matter and thereby drove up her attorney fees. Even assuming that this is true, the *Morgan* case stands only for the proposition that such action makes the resulting higher fees reasonable, not that Husband has to

pay for those fees irrespective of a finding of need. *See id.* at 569–70. Thus, without a finding by the trial court that Wife had a need, this argument is misplaced.

**4.** We note that even when neither of these elements is met to bring separate property into the marital estate, under an equitable property division, an interest in a spouse's separate property may still be awarded to the other spouse "in lieu of alimony or in other extraordinary situations where equity so demands." *Burt v. Burt*, 799 P.2d 1166, 1169 (Utah Ct.App.1990) (citation and internal quotation marks omitted).

**5.** Wife argues that her situation is analogous to that in *Dunn v. Dunn*, 802 P.2d 1314 (Utah Ct.App.1990), where the wife was awarded part of the husband's business because "her efforts were necessary contributions to the growth of ... the business," *see id.* at 1318. But the trial court here made no findings indicating that Wife's efforts were necessary contributions. Further, the award in *Dunn* was based on a business established during the marriage. *See*

award Husband the full value of his 25% share in the business.

## CONCLUSION

¶ 11 We affirm the trial court's findings of fact regarding Husband's father's 75% ownership of the rental business, the valuation of the business, and the ownership of the 32' Bayliner boat. We also affirm the trial court's determinations regarding alimony and attorney fees. We reverse the finding regarding the Corvette and remand for the trial court to dispose of the property as a marital asset. We also reverse the trial court's division of the increase in the value of

*id.* When the *Dunn* court evaluated a premarital asset, on the other hand, it acknowledged the rule we set forth above. *See id.* at 1320.

Husband's 25% share in the rental business and award the full amount of this asset to Husband as his separate property.[6]

¶ 12 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge and JUDITH M. BILLINGS, Judge.

6. Our decision does not address or affect the issues of child custody and support that are pending below.