**2015 UT App 161**

## THE UTAH COURT OF APPEALS

KELSEY BROWN,
Petitioner and Appellee,
*v.*
ANTHONY BABBITT,
Respondent and Appellant.

Memorandum Decision
No. 20130641-CA
Filed June 25, 2015

Third District Court, West Jordan Department
The Honorable Mark S. Kouris
No. 104400226

Terry R. Spencer, Attorney for Appellant

J. Preston Stieff, Attorney for Appellee

JUDGE JAMES Z. DAVIS authored this Memorandum Decision, in
which JUDGES JOHN A. PEARCE and KATE A. TOOMEY concurred.

DAVIS, Judge:

¶1    Anthony Babbitt appeals the trial court's custody and
parent-time orders regarding his and Kelsey Brown's child
(Child). We affirm.

### I. Sufficiency of the Notice of Appeal

¶2    As a threshold matter, we address Brown's argument that
we lack jurisdiction over this case because Babbitt's notice of
appeal failed to identify the decree of divorce—the court's final
order in this case—as the order from which he appealed. Instead,
Babbitt's notice of appeal identified the trial court's denial of his
rule 52(b) motion to alter or amend the court's findings and the
court's Findings of Fact and Conclusions of Law and Order.
"[T]imely filing of a notice of appeal is the only jurisdictional

requirement for appellate review," and dismissal for other defects in the notice of appeal is a matter for the appellate court's discretion. *Davis v. Central Utah Counseling Ctr.*, 2006 UT 52, ¶¶ 13–14, 147 P.3d 390. Because the notice of appeal was timely filed, we construe this argument as a challenge to the sufficiency of the notice of appeal.

¶3 "The purpose of the notification requirement is to advise the opposite party that an appeal has been taken from a specific judgment in a particular case . . . [because the opposing party] is entitled to know specifically which judgment is being appealed." *Kilpatrick v. Bullough Abatement, Inc.*, 2008 UT 82, ¶ 14, 199 P.3d 957 (alteration and omission in original) (citation and internal quotation marks omitted). "In determining whether the notification requirement has been met, we have long adhered to the policy that where the notice of appeal sufficiently identifies the final judgment at issue and the opposing party is not prejudiced, the notice of appeal is to be liberally construed." *Id.* (citation and internal quotation marks omitted). Thus, "[w]here the appealing party's intent is clear and the appellee suffers no prejudice, the notice of appeal is sufficient." *Id.* ¶ 15; *see, e.g., id.* ¶ 16 (holding that an appeal was perfected, despite the appellant's failure to "explicitly reference" the relevant order in the notice of appeal, because the appellant's intent was clear and the appellee was not prejudiced); *Speros v. Fricke*, 2004 UT 69, ¶¶ 14–15, 98 P.3d 28 (rejecting the appellee's argument that the appellant's identification of a nonexistent January 11 order rather than the January 15 order from which the appellant actually intended to appeal rendered its notice of appeal inadequate); *In re B.B.*, 2004 UT 39, ¶ 11, 94 P.3d 252 ("While the notice of appeal was not a model of clarity, it adequately notified the [petitioners] of the issues to be reviewed.").

¶4 Although Babbitt did not explicitly appeal from the decree of divorce, his intent to do so was clear. Furthermore, there is nothing to indicate that Brown was prejudiced by the technical deficiency of Babbitt's notice of appeal. Thus, we

consider it appropriate to treat Babbitt's appeal as an appeal from the decree of divorce and to address it on its merits. *See Davis*, 2006 UT 52, ¶¶ 13–14.

## II. Custody and Parent-Time Awards

¶5    Babbitt challenges the trial court's award of primary physical custody to Brown and its parent-time determination. Babbitt argues, first, that the trial court's findings of fact in support of its rulings were not supported by the evidence and, second, that the trial court failed to make statutorily required findings in support of its decision to award Babbitt less parent-time than is outlined in the minimum statutory parent-time schedule. We will not disturb a trial court's findings of fact unless they are clearly erroneous. *Kimball v. Kimball*, 2009 UT App 233, ¶ 14, 217 P.3d 733. Findings "are clearly erroneous only if they are in conflict with the clear weight of the evidence, or if this court has a definite and firm conviction that a mistake has been made." *Id.* (citation and internal quotation marks omitted). "We review the legal sufficiency of factual findings"—that is, whether the trial court's factual findings are sufficient to support its legal conclusions—"under a correction-of-error standard, according no particular deference to the trial court." *Id.* (citation and internal quotation marks omitted).

### A.    Sufficiency of the Evidence

¶6    Babbitt first argues that the evidence did not support a number of the findings that the trial court ultimately relied on in awarding custody to Brown and in fixing parent-time for Babbitt. He argues that "there are material discrepancies between the written Custody Evaluation Report . . . and the testimony of various witnesses at trial, including [the custody evaluator] herself." Babbitt asserts that it was an abuse of the trial court's discretion to give more weight to the "stale" custody evaluation report than to the witnesses at trial who testified in his favor. He also asserts that the custody evaluator's testimony

at trial differed in some respects from her report and that her trial testimony should have been considered more reliable because it was more recent. Finally, he takes issue with the trial court's decision to give weight to Brown's testimony over that of other witnesses.

¶7     Rather than analyze these issues in the text of his brief, Babbitt simply lists them and then refers us to "Addendum E" of his brief, a nineteen-page addendum in which he identifies the findings he takes issue with and selectively lists evidence relating to those findings. "It is improper for counsel to attempt to enlarge the page limit of the brief by placing critical facts in appendices." *DeBry v. Cascade Enters.*, 879 P.2d 1353, 1360 n.3 (Utah 1994). Furthermore, both Babbitt's brief and Addendum E take issue with the trial court's credibility determinations and its weighing of the evidence rather than addressing the sufficiency of the evidence to support the trial court's findings. "[I]t is the role of the fact finder to assess the credibility of witnesses and to weigh the evidence." *Child v. Child*, 2008 UT App 338, ¶ 3 n.1, 194 P.3d 205, *vacated in part on other grounds by* 2009 UT 17, 206 P.3d 633 (per curiam). Thus, we give deference to the trial court's factual findings unless "they are in conflict with the clear weight of the evidence." *Kimball*, 2009 UT App 233, ¶ 14 (citation and internal quotation marks omitted). Because Babbitt attempted to circumvent the briefing requirements by discussing the evidence in Addendum E rather than in the text of the brief, and because he reargues the evidence rather than demonstrating how the evidence is insufficient to support the trial court's findings, we will not disturb those findings. *Cf. Warner v. Warner*, 2014 UT App 16, ¶¶ 47–48, 319 P.3d 711 (holding that an appellant's attempt to marshal the evidence in an addendum was "inadequate to carry the burden of challenging a court's finding of fact on appeal because, among other things, [the appellant] violated the page limit rule, relied extensively on facts that have no apparent grounding in the record, and failed to even address the record evidence in support of the district court's finding").

B.      Adequacy of the Findings

¶8      Babbitt next argues that the trial court failed to make required findings in support of its decision to award Babbitt less than the minimum statutory parent-time schedule and its order that his parent-time be supervised. Babbitt asserts that the trial court was required to make findings in accordance with two separate provisions of the Utah Code.

¶9      The first provision, section 30-3-32, reads,

> (b) Absent a showing by a preponderance of evidence of real harm or substantiated potential harm to the child:
>
> (i) it is in the best interests of the child of divorcing, divorced, or adjudicated parents to have frequent, meaningful, and continuing access to each parent following separation or divorce;
>
> (ii) each divorcing, separating, or adjudicated parent is entitled to and responsible for frequent, meaningful, and continuing access with his child consistent with the child's best interests; and
>
> (iii) it is in the best interests of the child to have both parents actively involved in parenting the child.

Utah Code Ann. § 30-3-32(2)(b) (LexisNexis Supp. 2014). Babbitt asserts that under this section, the trial court was required to make a finding of "real harm or substantiated potential harm to" Child in order to award Babbitt supervised parent-time in an amount less than the statutory minimum. *See id.* However, Babbitt has failed to demonstrate that the trial court was required to make such a finding as a prerequisite to departing from the statutory parent-time schedule. He has made no assertion that the parent-time awarded by the court deprived either him or Child of "frequent, meaningful, and continuing

access" to one another, *see id.* § 30-3-32(2)(b)(i)–(ii), or that it precluded him from being "actively involved in parenting [his] child," *see id.* § 30-3-32(2)(b)(iii). Thus, Babbitt has failed to establish that a finding of "real harm or substantiated potential harm to" Child was necessary under the circumstances of this case. *See id.* § 30-3-32(2)(b).

¶10    The second section Babbitt relies on, section 30-3-34, provides that the statutory minimum parent-time schedule is presumed to be in the best interests of a child "unless a parent can establish otherwise by a preponderance of the evidence that more or less parent-time should be awarded based upon any" of fourteen specific criteria or "any other criteria the court determines relevant to the best interests of the child." *Id.* § 30-3-34(2) (2013). "As to the ultimate conclusion of restricted visitation, we accord the trial court broad discretion." *Peterson v. Peterson*, 818 P.2d 1305, 1308 (Utah Ct. App. 1991). "So long as that discretion is exercised within the confines of the legal standards we have set, and the facts and reasons for the decision are set forth fully in appropriate findings and conclusions, we will not disturb the resulting award." *Id.* (citation and internal quotation marks omitted).

¶11    The trial court found that Babbitt's "parent-time has not taken place for [an] extended period of time and [Child] lacks an appropriate bond with [Babbitt] for minimum statutory parent-time to apply." The court also found that Babbitt had engaged in behavior indicating his intent to kidnap Child, that he had previously been found in contempt for secretly feeding Child dairy-based formula in defiance of a court order, and that he had made no attempt to visit Child for nearly a year after Brown moved to Arizona. Further, the court found that Babbitt has at least three other children with whom he has no relationship, that he has been jailed multiple times for failing to pay child support, and that he had apparently deliberately failed to exercise parent-time with Child in order to build a custodial-interference case against Brown. These findings are adequate to support the trial

court's decision to limit Babbitt's parent-time.[1] To the extent that Babbitt challenges the evidence supporting these findings, he has failed to carry his burden to demonstrate that the findings were clearly erroneous. *See supra* ¶¶ 6–7.

## III. Constitutional Issues

¶12    Finally, Babbitt argues that the trial court violated his due process rights and the "open courts" provision of the Utah Constitution by refusing to allow him to introduce evidence at the hearing on his rule 52(b) motion that Brown was not living in Arizona at the time of trial as she claimed. This issue is moot because Babbitt has since been given the opportunity to present this evidence in a hearing on his petition to modify the decree of divorce; the trial court determined that the move did not occur until after trial and that, in any event, it did not impact the decree of divorce. *See generally Ellis v. Swensen*, 2000 UT 101, ¶ 25, 16 P.3d 1233 ("A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." (citation and internal quotation marks omitted)). Because the issue is moot, we need not consider it further.

## IV. Conclusion

¶13    In sum, Babbitt has failed to establish that the evidence was insufficient to support the trial court's factual findings or that those findings were inadequate to support the trial court's legal conclusions. Accordingly, we affirm.

---

1. Because we determine that the findings were adequate, we need not consider Babbitt's argument that the court's failure to make adequate findings violated his constitutional rights.